IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DUANE R. BULL,

                Plaintiff,

v.

RANDALL HEPP, EDWARD WALL,
JOHN MAGGIONCALDA, STEVE BETHKE,
and E. DAVIDSON,

                Defendants.

OPINION and ORDER

17-cv-957-jdp

---

Plaintiff Duane Bull, appearing pro se, is a prisoner at Fox Lake Correctional Institution (FLCI). Bull is one of many prisoners who filed lawsuits alleging that water at the prison contained unsafe amounts of lead, copper, and other contaminants. This opinion concerns Bull's amended complaint about prison staff's failure to give him bottled water despite his particular susceptibility to harm from the contaminated water.

Earlier, I consolidated several prisoners' claims with Bull's, recruited counsel, and appointed water and medical/toxicology experts. I ultimately granted summary judgment to defendants on plaintiffs' claims that DOC officials consciously disregarded the risk of harm from the contaminants in the water. Dkt. 89; *Stapleton v. Carr*, 438 F. Supp. 3d 925 (W.D. Wis. 2020). The undisputed evidence showed that the defendants had not acted with conscious disregard to the water problems at FLCI, but that instead, they successfully remediated the lead and copper in the water to concentrations well below government-mandated thresholds. *Id.* at 938–40. My decision did not resolve medical care claims about the health risks posed by FLCI's water to particular inmates and the treatment of medical conditions that were caused by the water. After the court-appointed medical and toxicology expert received medical records

from both consolidated and unconsolidated plaintiffs and issued his report, I granted court-recruited counsel's motion to withdraw and I lifted the stay in each FLCI water case. I directed each plaintiff to submit an amended complaint limited to the individual plaintiff's medical care claims. Dkt. 137.

Bull has filed an amended complaint, Dkt. 141, and a submission titled "Addition to amended complaint by way of newly obtained information and evidence," Dkt. 138. Bull has amended the caption to include as a defendant Health Services Unit manager Candice Whitman. Bull alleges that he is particularly susceptible to injury from lead in the water because of his high blood pressure. Nonetheless, defendant Whitman would not provide him with bottled water. He says that he has developed kidney stones and bladder cancer from the contaminated water. These allegations are sufficient for Bull to state an Eighth Amendment claim against Whitman for ignoring the risk of harm that the water posed to his health by refusing his requests for bottled water.

Bull raises two other issues in his complaint and in his "addition to amended complaint." First, Bull states that prison officials blocked him and some of his co-plaintiffs from receiving mail from court-recruited counsel. Bull doesn't identify any specific defendants who have interfered with his mail, and in any event, this issue is outside the scope of this lawsuit. If Bull means to bring access-to-the-courts claims about interference with communications between him and his lawyers, those claims belong in a separate lawsuit if he is able to show that prison officials' actions caused the loss or inadequate settlement of meritorious claims in this or another case. *See Christopher v. Harbury*, 536 U.S. 403, 414 (2002).

Second, Bull states that the report issued by court-appointed medical and toxicology expert Alfred Franzblau is inaccurate because Franzblau relied on summaries of the various

plaintiffs' medical records instead of the complete sets of records themselves and because prison officials did not follow the proper procedures for obtaining water samples to be tested for contaminants: rather than take samples of stagnant water as Franzblau's report states, officials flushed the water system before taking samples. Those allegations do not state separate claims for relief in this lawsuit, but Bull is free to present evidence challenging Franzblau's report or other evidence submitted by defendants as the case proceeds to the summary judgment or trial stages.

## ORDER

IT IS ORDERED that:

1. Plaintiff Duane Bull is GRANTED leave to proceed on an Eighth Amendment medical care claim against defendant Candice Whitman.

2. The remaining defendants are DISMISSED from the case.

3. The Wisconsin Department of Justice may have until March 8, 2022, to notify the court whether it will accept service for new defendant Whitman.

4. After defendant Whitman is served, the clerk of court is directed to set a preliminary pretrial conference before Magistrate Judge Stephen Crocker to set a schedule for the remainder of the case.

Entered February 22, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge